IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | * | |
| | * | |
| | * | Criminal No. 04-128 (RMC) |
| v. | * | |
| | * | |
| JONATHAN FRANKLIN | * | |
| | * | |
| *Defendant* | * | |
| | * | |

**DEFENDANT'S POST-HEARING MEMORANDUM**

Comes now the Defendant, Jonathan Franklin, by and through counsel, Michael E. Lawlor and Sicilia C. Englert, Lawlor & Englert, LLC, and files this Post-Hearing Memorandum on Defendant's Pending Motion.

Mr. Franklin asserted in his written submissions and at the evidentiary hearing that the concessions that trial counsel made at trial ensured that Mr. Franklin would receive a life sentence, even if their strategy was successful.  Thus, even as Mr. Tuminelli attempted to limit the quantity of PCP supplied by Herb Martin to ten gallons, he was sealing Mr. Franklin's fate to a life sentence.  Ten gallons, using a conversion of 2.6 kg/gal,  is equivalent to 26 kilograms.  Thus, from Herb Martin's testimony alone, Mr. Franklin was a mere four kilograms away from the 30 kilogram threshold requiring a life sentence under the CCE charge.  The remaining four kilograms was easily supplied by Ceasar Harris's testimony.  Furthermore, leaving

aside the 30 kilogram quantity related to the CCE charge, the ten gallons Mr. Tuminelli conceded that Mr. Franklin distributed would have, by itself, led to an advisory guideline sentence of life under the following calculation:

| | | |
|---|---|---|
| Base offense level | 36 | (conceded) |
| 1,000 feet of school | 1 | (conceded) |
| Gun possession | 2 | (conceded) |
| Major role | 4 | |
| Total | 43 | |

The advisory guideline sentence for level 43, criminal history category I, is life imprisonment.

At the hearing, the Court expressed skepticism that Mr. Franklin's base offense level would have been increased by four levels for major role. Or at least that such an increase was a certainty that trial counsel could have predicted. Mr. Franklin contends that reasonably competent defense counsel should have known that a four level enhancement for major role was all but assured. The government's evidence easily showed, certainly by a preponderance of the evidence, that Mr. Franklin was "an organizer or leader of a criminal activity that involved five or more participants." USSG § 3B1.1.

At trial, Michael Abney described Mr. Franklin as the "general" of the M Street Crew, followed by three "lieutenants," William Robinson, George Wilson, and Joseph

Blackson, and at least 17 "foot soldiers." 5/2/06AM Tr. 13-15.  As Mr. Franklin's lieutenants, Robinson, Wilson, and Blackson supplied M Street with drugs on Franklin's behalf when he was not present.  The government introduced wiretaps in which Robinson and Wilson reported to or received directions from Mr. Franklin. Mr. Abney testified that William Simmons was Mr. Franklin's "most loyal []" foot soldier. 5/2/06 AM Tr. 41-43.  Other witnesses described Mr. Simmons as Mr. Franklin's runner.

Additionally, Officer Donna Leftridge testified about her undercover buys from Franklin and Blackson.  Officer Leftridge testified that on one occasion, Mr. Franklin directed her to purchase PCP from Robinson when he [Franklin] was out of the M Street area.  Officer Leftridge also testified about two occasions in which Mr. Franklin sent Simmons to deliver PCP to her.

Monica Bell testified that Mr. Franklin sent Simmons to deliver dippers to her so that she could test the quality of the PCP.  4/18/06 AM Tr. 77-78.  Ms. Bell's testimony was supported by wiretap calls.  Elizabeth Lee, Mr. Franklin's wife, testified that she bottled PCP and counted money for Mr. Franklin. 3/22/06 AM Tr. 73-79.  Her testimony was also supported by wiretaps.

The government presented evidence from a myriad of cooperators that Franklin was the leader of criminal activity that involved more than five people.  This testimony was corroborated by the testimony of undercover officer Donna Leftridge

as well as a plethora of wiretaps. The jury in this case, by finding Mr. Franklin guilty of CCE, found that Mr. Franklin managed five or more people beyond a reasonable doubt. Thus, competent defense counsel should have known that at sentencing, where the Court applies a preponderance of the evidence standard, Franklin would receive a four level enhancement for his role in the offense. This finding, together with a finding of distribution of at least 26 kilograms of PCP, within 1,000 feet of a school, and a two level gun enhancement, ensured a guideline sentence of life imprisonment. Instead of being advised of this likelihood, Mr. Franklin understood that his counsel's strategy, if successful, would lead to a lesser guideline sentence. Elita Amato testified in the hearing before this Court that Mr. Franklin was advised that if successful, the concession strategy would lead to a guideline range of less than life.

Mr. Franklin posits that trial counsel was so focused on defeating the 30 kilograms required for the CCE conviction that trial counsel neglected to calculate the guideline sentence for the offenses and quantity of drugs to which counsel conceded. Failing to make a reasonable judgment and failing to so advise Mr. Franklin prior to employing this concession strategy fell below the standard of care required of competent defense counsel.[1]

---

[1] A base offense level of 36, per §2D1.1, was likewise not a realistic outcome in this case, given the volume of drugs involved. Taking the "best case scenario" – a BOL of 36 for drug quantity and something less than 4 levels for a leadership role would have led to a base

Respectfully Submitted,

/s_____
Michael E. Lawlor
Sicilia C. Englert
Lawlor & Englert, LLC
6305 Ivy Lane, Suite 608
Greenbelt, MD 20770
301.474.3404

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November, 2009, a copy of the foregoing Defendant's Post-Hearing Memorandum was served via electronic filing on counsel for the government, John Dominguez, Assistant United States Attorney, and Sherri Berthrong, Assistant United States Attorney.

/s_____
Michael E. Lawlor

---

offense level of less than 43. However, as argued at the hearing, Franklin was not going to run the table on these two issues. Rather, as undersigned counsel argued at the hearing, it was, in fact, a foregone conclusion that the Court, at sentencing, would find a BOL of 38 for quantity and an additional 4 levels for role in the offense. In sentencing co-defendants Wilson, Blackson and Robinson, the Court applied a BOL of 38 for the quantity of drugs and also applied a three level role increase for Wilson and Blackson. Robinson and Wilson were given life sentences for their convictions for Counts 1 and 2.